IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA A. GULLETTE,

    Plaintiff,

  v.

PATRICK R. DONAHOE, Postmaster General of the United States Postal Service,

    Defendant.
_____/

No. C 12-0490 CW

ORDER GRANTING MOTION TO DISMISS (Docket No. 19)

Plaintiff Patricia A. Gullette, proceeding pro se, brings this action against Defendant Patrick R. Donahoe, Postmaster General of the United States Postal Service (USPS), for breach of contract and violations of the Rehabilitation Act.[1] Defendant moves to dismiss Plaintiff's first amended complaint (1AC) for failure to state a claim. Plaintiff opposes the motion. The Court took the matter under submission on the papers and now grants the motion.

## BACKGROUND

The following facts are taken from Plaintiff's 1AC. Plaintiff was employed by USPS from 1971 until 2007. Docket No. 16, 1AC ¶ 3. In December 1999, the agency offered her a "Limited Duty Job Assignment" to accommodate a physical disability, which required her to limit her physical range of movement.

---

[1] Plaintiff states that she brings this action under the Americans with Disabilities Act (ADA). The federal government, however, is not an employer within the meaning of the ADA. See 42 U.S.C. § 12111(5)(B)(1). Thus, Plaintiff's disability claim must proceed under the Rehabilitation Act.

Id. ¶¶ 3z38-40. Plaintiff alleges that, as part of that limited duty offer, USPS agreed to modify her working conditions and increase her pay level from PS-5 to PS-6. Id. ¶ 3z40. Despite this agreement, she alleges, USPS never raised her pay level. Id. ¶ 3z44.

In March 2002, after USPS denied several of her requests for a pay increase, Plaintiff filed a Title VII action in this district alleging that the agency's refusal to raise her pay was motivated by retaliatory animus. Docket No. 20, Def.'s Request for Judicial Notice (RJN), Ex. D, Case No. 02-1356 EDL, Compl. ¶ 3.[2] Specifically, Plaintiff asserted that USPS denied her requests for a raise, in violation of its December 1999 limited duty offer, because she had reported discriminatory treatment by a supervisor. Id. ¶¶ 5-6. Because her complaint did not specify when she reported the alleged discrimination or what the discriminatory conduct entailed, the court dismissed her complaint in July 2002 for failure to state a claim. Id., Ex. E, at 3-4 (describing Plaintiff's complaint as "incomprehensible" and "chaotic"). In August 2002, after Plaintiff failed to file a timely amended complaint, her claims were dismissed with prejudice. Id., Ex. F, at 1.

One and a half years later, in April 2004, Plaintiff filed a second Title VII lawsuit against USPS, this time alleging that the agency denied her requests for a raise out of both discriminatory

---

[2] The Court grants Defendant's unopposed request to take judicial notice of several publicly available documents from Plaintiff's prior lawsuits against USPS. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

2

and retaliatory animus. Id., Ex. G, Case No. 04-1308 VRW, Compl. ¶¶ 3-4. In her complaint, Plaintiff asserted that USPS discriminated against her on the basis of race and sex and retaliated against her for filing complaints with the Equal Employment Opportunity Commission (EEOC). Id., Ex. G, ¶ 5. Once again, however, her complaint provided few details to support her allegations of discrimination and retaliation. Instead, it focused on USPS's refusal to increase her pay level after the December 1999 limited duty job offer. Id., Ex. G, ¶ 6. In October 2004, the court granted summary judgment to USPS, finding that Plaintiff's claims were identical to those raised in her prior lawsuit and, thus, barred by res judicata. Id., Ex. H, at 12.

A few months later, in February 2005, Plaintiff took a leave of absence from work to recover from a shoulder injury she suffered on the job. 1AC ¶ 3z57. Although she was medically cleared to return to work in December 2005 with certain limitations, id. ¶¶ 3z57, 3z64, Ex. 35, USPS notified her in November 2005 that it could not offer her a position under the conditions prescribed by her doctor. Id. ¶¶ 3z57, 3z65, Ex. 18. She alleges that USPS made no effort to find another position for her despite her desire to return to work. Id.

Almost a full year later, in October 2006, USPS sent Plaintiff a "Notice of Separation" in the mail to inform her that she was being "administratively separated from the Postal Service." Id. ¶ 3z64, Ex. 12, at 1. The letter stated that the decision was based on the fact that Plaintiff had been "continuously absent from duty" for the preceding year and

3

1  appeared unlikely to return to work in the near future.  Id., Ex.
2  12, at 1.  Plaintiff alleges that the administrative separation
3  effectively forced her to retire from USPS, against her wishes, on
4  September 30, 2007.  Id. ¶ 3z66.
5   Plaintiff filed her 1AC in this case in May 2012.  1AC
6  ¶¶ 3z37-99.  In it, she alleges that USPS breached its December
7  1999 agreement to increase her pay level, disregarded union
8  grievance decisions in her favor, failed to provide her with
9  reasonable workplace accommodations, and retaliated against her
10 for reporting discrimination.  Id.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

Although the court is typically confined to consideration of the allegations in the pleadings, when the complaint is

4

accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider matters "properly subject to judicial notice." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). The court may deny leave to amend for "repeated failure to cure deficiencies by amendments previously allowed." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 809-10 (9th Cir. 1988). A pro se plaintiff is entitled to a liberal amendment policy. Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

DISCUSSION

I.  Breach of Contract (First Cause of Action)

Plaintiff proffers two theories of breach of contract liability in her complaint. First, she asserts that USPS breached its collective bargaining agreement (CBA) with her union by failing to abide by union grievance decisions stating that she was entitled to a pay increase under the 1999 limited duty offer. 1AC

5

¶¶ 3z37-56, Ex. 3. Second, she asserts that USPS breached the terms of the limited duty offer itself.[3] Id. ¶¶ 3k-3n. Neither of these theories appears to be supported by the records Plaintiff has attached to her complaint, which do not suggest that she was promised a pay increase in December 1999.[4] More importantly, under either of theory, Plaintiff's contract claim is barred by res judicata.

The doctrine of res judicata, or claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Marin v. HEW, Health Care Fin. Agency, 769 F.2d 590, 594 (9th Cir. 1985) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Res judicata may be raised on a motion to dismiss when doing so does not raise any disputed issues of fact. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984).

Three elements must be present in order for res judicata to apply: (1) an identity of claims; (2) a final judgment on the

---

[3] In her opposition, Plaintiff repeatedly characterizes the limited duty offer as part of a "settlement agreement" arising out of a 1999 Title VII lawsuit she filed against USPS. Opp. 4, 6, 14. Her own exhibits, however, demonstrate that the limited duty offer was not part of that settlement. The settlement agreement in the 1999 action, which is attached to the 1AC, was signed in October 2000 and makes no mention of the December 1999 limited duty offer. See 1AC, Ex. 3, at 43-50.

[4] The December 1999 limited duty offer states that Plaintiff will be transferred to a new work station and that, as a result, her "pay location" will also change. 1AC, Ex.2, at 1. The offer does not, however, promise her a pay increase. Id.

6

merits; and (3) the same parties or their privies. <u>Allen</u>, 449 U.S. at 94. Because all three of these elements are present here, Plaintiff's breach of contract claim must be dismissed.

    A.   Identity of Claims

An identity of claims exists when two suits arise from the same transactional nucleus of facts. <u>Tahoe-Sierra</u>, 322 F.3d at 1078. Two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together. <u>Western Systems, Inc. v. Ulloa</u>, 958 F.2d 864, 871 (9th Cir. 1992). "Different theories supporting the same claim for relief must be brought in the initial action." <u>Id.</u>

Here, both of Plaintiff's breach of contract theories arise from the same fundamental transaction -- namely, the December 1999 limited duty offer on which her previous lawsuits were based. As the court observed in dismissing her 2004 claims on res judicata grounds, "both this suit and [the prior action] arise out of the same transactional nucleus of facts, for they both center on [USPS]'s alleged failure to process plaintiff's pay grade increase." RJN, Ex. H, at 8. Although Plaintiff could have asserted a claim for breach of the CBA or breach of the limited duty offer in either of her previous actions, she did not do so. For the purposes of claim preclusion, this is sufficient to establish an identity of claims. <u>Tahoe-Sierra</u>, 322 F.3d at 1078 ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims <u>could</u> have been brought in the earlier action." (emphasis added)); <u>see also</u> RJN, Ex. H, at 7 ("A plaintiff cannot avoid the bar of claim

7

preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory.").

Plaintiff's conclusory assertion that her contract claim is "inextricably intertwined" with her accommodation claims, Opp. 16, does not alter this outcome. Her contract claim, just like the claims in her prior lawsuits, is based on USPS's failure to raise her pay level after the 1999 limited duty offer. Plaintiff's assertion that USPS subsequently failed to provide reasonable accommodations -- <u>after</u> it allegedly breached the contract -- cannot rescue her contract claim. Plaintiff cannot meld these two claims to avoid res judicata.

Nor can Plaintiff allege a new injury here based on her "reduced" retirement annuity. The alleged injury that precipitated the reduced retirement annuity is the same injury asserted in her previous lawsuits: that is, USPS's refusal to increase Plaintiff's pay level. Plaintiff cannot overcome res judicata simply by waiting for her previously dismissed claims to carry new financial consequences.

B. Final Judgment on the Merits

Plaintiff's claim that USPS unlawfully refused to raise her pay level has previously been rejected by two different courts. In 2002, a court dismissed her complaint with prejudice for failure to state a claim. RJN, Exs. E, F. Two years later, another court granted summary judgment to USPS on claims arising from the same set of facts. <u>Id.</u>, Ex. H, at 12. Both of these decisions constitute final judgments on the merits. <u>See</u> <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 399 n.3 (1981) (recognizing that dismissal with prejudice for failure to state a

8

claim is a final judgment on the merits for res judicata purposes); Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 988 (9th Cir. 2005) ("[S]ummary judgment dismissal . . . is considered a decision on the merits for res judicata purposes").

Nevertheless, Plaintiff contends that these decisions should not be treated as final judgments because she was unable to correct deficiencies in her pleadings in those cases due to "conditions beyond her control." Opp. 9. In particular, she notes that she and her family were "were dealing with extraordinary medical issues" that "precluded her from filing an amended complaint or additional information." Id.

While courts have made "occasional exception[s]" to res judicata in order "to prevent unusual hardship" to certain claimants, Rose v. Town of Harwich, 778 F.2d 77, 82 (1st Cir. 1985), such an exception is not warranted here. As noted above, Plaintiff has asserted this claim in two previous lawsuits. If she was unprepared to file a timely amended complaint in either of those cases, she could have requested an extension of time. Her failure to do so does not justify suspending res judicata here.

C. Privity between the Parties

The final element of res judicata is satisfied if the parties in the prior lawsuit are identical to, or in privity with, the parties in the subsequent lawsuit. Privity exists if there is sufficient commonality of interests between the parties. Tahoe-Sierra, 322 F.3d at 1081. Because Plaintiff brought both of her prior actions against the Postmaster General, privity is not in dispute here. See Conway v. Geithner, 2012 WL 1657156, at *3 (N.D. Cal.) (recognizing that employees of the same federal

9

1 agency, if sued in their official capacity, are privies for the
2 purposes of claim preclusion).

3 Thus, Plaintiff's claim for breach of contract is precluded
4 by res judicata. Because amendment would be futile, the claim is
5 dismissed with prejudice.[5]

6 II. Failure to Accommodate (Second Cause of Action)

7 Plaintiff next alleges that USPS violated the Rehabilitation
8 Act, 42 U.S.C. §§ 12101 et seq., by failing to provide her with
9 reasonable accommodations for her disability. The section of her
10 complaint addressing this claim is long and meandering and relies
11 heavily on the fifty exhibits -- totaling nearly a thousand pages
12 in length -- attached to her 1AC. See id. ¶¶ 3z74-75, Exs. 1-50.
13 The claim appears to be based on Plaintiff's treatment between
14 2000 and 2007 and, as such, is time-barred.[6]

15 Before bringing a federal employment discrimination claim
16 under the Rehabilitation Act, a plaintiff must first exhaust all
17 administrative remedies. 42 U.S.C. § 2000e-16(c); Cherosky v.
18 Henderson, 330 F.3d 1243, 1245 (9th Cir. 2003). EEOC regulations
19 require that a federal employee seeking to bring a Rehabilitation
20 Act claim must first "initiate contact with [an EEO] Counselor
21 within 45 days of the date of the matter alleged to be
22 discriminatory." 29 C.F.R. § 1614.105(a)(1). Failure to comply

---

[5] The Court need not address Defendant's argument that Plaintiff's contract claim is time-barred.

[6] As part of the agreement to settle her 1999 lawsuit against USPS, Plaintiff agreed to release and discharge USPS "from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever" (other than worker's compensation claims) arising from "any claims of discrimination, harassment or retaliation" that occurred before March 1999. RJN, Ex. C, at ¶ 8.

10

with this regulation is "fatal to a federal employee's discrimination claim." Lyons v. England, 307 F.3d 1092, 1105 (9th Cir. 2002).

Here, Plaintiff asserts that she has filed multiple EEOC claims since 2000, pointing specifically to complaints that she filed in March, April, and July 2010.[7] 1AC ¶ 3z67. None of these complaints was filed within the relevant forty-five day filing period. The 1AC alleges that USPS mailed Plaintiff a "Notice of Separation" in October 2006 and constructively discharged her in September 2007, id. ¶¶ 3z64, 3z66. Thus, the forty-five day window for Plaintiff to initiate an EEOC complaint would have closed in November 2007, at the latest.

Plaintiff argues that the limitations period should be tolled because (1) she is still suffering the ill effects of USPS's unlawful conduct in the form of a reduced retirement annuity and (2) she did not discover USPS's adverse employment actions until the limitations period had expired. Neither of these arguments is persuasive.

The Ninth Circuit has specifically rejected Plaintiff's first tolling argument, holding that the "continual ill effects from an original violation" do not toll the forty-five day period in which to file an EEOC complaint. Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981). Because Plaintiff's reduced retirement annuity

---

[7] Plaintiff also asserts that she "contacted the EEO and filed a complaint concerning this matter in 2000-01." Opp. 19. This complaint, however, is irrelevant here because it formed the basis for Plaintiff's 2004 lawsuit. To the extent that Plaintiff's claims in this suit are based on the allegations in that EEOC complaint, they are barred by res judicata, as discussed above. Further, the 2000-01 complaint preceded the actions she complains of here.

11

is merely the "continual ill effect[]" of USPS's alleged discrimination prior to 2007, it is insufficient to justify tolling here. Plaintiff's second tolling argument -- that she only discovered USPS's adverse employment actions after the limitations period ended -- is undermined by the allegations in her complaint. As previously noted, the 1AC alleges that USPS sent her a written notice of administrative separation in October 2006, which forced her to retire in September 2007. Plaintiff cannot plausibly argue that she did not learn of this action until three years later.

Plaintiff's argument that the EEOC pre-filing requirement does not apply here is similarly unavailing. Although Plaintiff cites two decisions by the EEOC's Office of Federal Operations for support, neither is apposite here. The first, Short v. Peters, merely stands for the proposition that an employee may satisfy the pre-filing requirement by contacting the EEOC by telephone and need not file his or her initial complaint in writing. EEOC DOC No. 05980343, 1999 WL 303886, at *3. Because Plaintiff does not allege that she ever contacted an EEO counselor during the limitations period -- either by telephone or in writing -- Short does not offer her any support. The other decision she cites, Degroat v. Potter, EEOC DOC No. 01A42287, 2005 WL 578518, does not discuss the EEOC pre-filing requirement at all and, thus, is likewise inapplicable.

Accordingly, Plaintiff's second cause of action is dismissed. Because Plaintiff would have to contradict her original complaint to allege that this claim was timely, she is denied leave to amend. Reddy, 912 F.2d at 296.

12

III. Retaliation (Third Cause of Action)

As explained above, Plaintiff has failed to allege that she timely exhausted her administrative remedies prior to filing her claims under the Rehabilitation Act. The record shows that she did not and her arguments for seeking equitable tolling are unavailing. Thus, her retaliation claim, like her accommodations claim, is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (Docket No. 19) is GRANTED. Defendant's request for judicial notice (Docket No. 20) is GRANTED.

Plaintiff's 1AC is dismissed with prejudice and judgment shall enter accordingly. The clerk shall close the file.

IT IS SO ORDERED.

Dated: 3/27/2013

CLAUDIA WILKEN
United States District Judge

13